No. 13698

IN THE SUPREME COURT OF THE STATE OF MONTANA

1979

THOMAS J. JOHNSTON,

Claimant and Respondent,

-vs-

PACK TRAIL INN, INC., Employer,

and

NATIONAL AUTOMOBILE AND CASUALTY
INSURANCE COMPANY,

Defendant and Appellant.

Appeal from: Workers' Compensation Court
Honorable William Hunt, Judge presiding.

Counsel of Record:

For Appellant:

Andrew J. Utick, Helena, Montana

For Respondent:

Moulton, Bellingham, Longo and Mather, Billings,
Montana

Submitted on briefs:
February 25, 1979

Decided: OCT 2 5 1979

Filed: OCT 2 5 1979

Thomas J. Kearney
Clerk

Mr. Daniel J. Shea delivered the Opinion of the Court.

The National Automobile and Casualty Insurance Company, insurer for the employer, appeals from a judgment of the Workers' Compensation Court which in turn affirmed an award of benefits by the Workers' Compensation Division to the claimant, Thomas A. Johnston. For purposes of identification of parties we refer to the insurance company as the employer.

Stripped to the essentials, the employer contends that the claimant neither sustained a new injury nor aggravated a preexisting injury, and is therefore not entitled to benefits. Alternatively, the employer argues that it was entitled to a trial de novo before the Workers' Compensation Court because of an alleged stipulation between counsel for the employer and counsel for the claimant.

The facts giving rise to the claim for compensation are as follows. On January 29, 1973, claimant sustained a broken leg when he accidentally shot himself with a handgun. Later, on July 29, 1973, while still on crutches as a result of surgery to repair the gunshot damage, claimant was working as a bartender when patrons were engaged in some horseplay inside the bar. He was knocked to the floor during the scuffle, and as a result allegedly sustained the injuries which resulted in his claim for compensation. Claimant underwent surgery to repair the same leg bone that had been broken as a result of the accidental shooting.

Before the hearing started medical reports were filed with the Workers' Compensation Division which indicated that the second surgery was performed to unite claimant's leg bone which had not properly healed after the first surgery. No medical testimony was elicited at the hearing, and the claimant and his wife were the only witnesses to testify, the claimant testified to the fracas in the bar which resulted in his fall, and also testified that he broke the same leg that had been previously broken. He testified however, that it was broken

-2-

in a different place. The medical reports did not support
his testimony that his leg bone was broken in a different
place. The employer contends that claimant did not sustain a
new injury, and that the fall did not aggravate a preexisting
injury, and therefore that he is not entitled to compensation.

The record before us clearly demonstrates that the
employer did not preserve his right to contend before us that
the evidence is insufficient as a matter of law to justify
the award of benefits to claimant. Nor can we agree to the
employer's contention that the claimant had stipulated to the
receipt of additional evidence before the Workers' Compensation
Court.

By stipulation of the parties, this case was transferred
from the District Court to the Workers' Compensation Court
after the effective date of legislation creating the Workers'
Compensation Court and eliminating the District Court from
its role in appeals from the Workers' Compensation Division.
The appeal had been pending in District Court, in a dormant
state, for almost two years.

Before deciding any of the issues on appeal, however,
the Workers' Compensation Court assigned a hearings officer
to conduct a pretrial hearing in Billings.

During the hearing, the employer contended that the
scope of review before the Workers' Compensation Court would
be trial de novo, and therefore that the employer had the
right to present evidence not previously submitted to the
Workers' Compensation Division. The claimant, on the other
hand, asserted that review should be confined solely to the
record previously made before the Workers' Compensation Division.
The record clearly reflects that claimant first wanted/a determination
of the scope of review, and that additional evidence offered
by the employer would be conditioned upon that ruling. Obviously,
if the court ruled that trial or review was on the record only,

-3-

claimant would resist the employer's attempt to supplement the evidentiary record. The minutes of the hearings officer reflect that the employer persisted also in its contention that the evidence presented before the Workers' Compensation Division was insufficient as a matter of law to justify an award to the claimant.

Thereafter, on November 30, 1976, a hearing was held in Helena, attended only by counsel for the employer and the Workers' Compensation judge. Claimant did have notice however, and raised no objections to the hearing. The employer's counsel was clearly aware that a ruling would be made sometime after the hearing, but the record is silent as to any indication that the employer wanted a ruling on the sufficiency of the evidence presented by the claimant at the hearing before the Workers' Compensation Division. The only issue discussed was whether the Workers' Compensation Court would permit the employer to present additional evidence. After an extended discussion between the court and the employer's counsel, the court indicated that it was going to sign an order dismissing the appeal and affirming the award of compensation benefits. We note in this regard, that the insurer had already paid the claimant's medical benefits. Accordingly, on December 7, 1976, the court entered its order dismissing the appeal and affirming the award of compensation to the claimant.

In the order of dismissal the Workers' Compensation Court specifically noted that "at the hearing [between the court and employer's counsel] the only issue before the Court to be decided was whether there should be a trial de novo." After noting that it had reviewed the file and the documents therein, the court concluded "that the trial de novo would serve no useful purpose, . . ." As we previously noted, our own review of the file indicates that trial de novo was the only issue presented to the Workers' Compensation Court. At the December 7 hearing, the employer

-4-

at no time requested the court to review the sufficiency of the evidence to sustain claimant's award. For this reason, it is clear to us that the sufficiency of the evidence is not properly before this Court on appeal.

As to the issue of trial de novo, the employer does not contend that the Workers' Compensation Court was compelled as a matter of law to permit the employer to open its evidentiary record. Rather, the sole contention is that claimant's counsel had stipulated to a trial de novo. As we have already indicated, however, the employer has sorely misconstrued the record made before the hearings officer at the pretrial conference. There is no such stipulation.

We note, moreover, that the employer was not denied an opportunity before the Workers' Compensation Division to have either the claimant or his presurgical and postsurgical x-rays examined by the employer's own medical experts, and to either submit testimony or medical reports based upon such examination. Having failed to do so, we do not see how the employer is now in a position to complain.

The decision of the Workers' Compensation Court is affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____
_____
_____
Justices

-5-

Mr. Chief Justice Frank I. Haswell, deeming himself disqualified, did not participate in this case.